Argued March 16, affirmed April 20, 1955

# INMAN *v.* BRICE REALTY COMPANY
### 282 P. 2d 657

*Alfred A. Hampson, Jr.,* of Portland, argued the cause for appellant.

216

*George C. Reinmiller,* of Portland, argued the cause for respondent.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

TOOZE, J.

This is an action by plaintiff, Bert Inman, to recover certain monies alleged to be due him from defendant, Brice Realty Company, a corporation, as commissions on the sale of real estate. The jury returned a verdict in favor of plaintiff in the sum of $3,000, and judgment was entered accordingly. Defendant appeals.

This is a companion case to that decided in a separate opinion handed down by this court today: *Sorenson v. Brice Realty Company,* 204 Or 223, 282 P2d 1057. We refer to that decision for a statement of most of the facts applicable to the instant case. The cases were tried together, although separate verdicts were returned and separate judgments entered. They were consolidated for hearing in this court.

For the purposes of this case some additional facts not stated in the Sorenson decision must be noted. When Sorenson entered upon the performance of his duties for defendant, plaintiff Inman was transferred to his department as a real estate salesman. Inman was familiar with the apartment-house properties in question, having performed services for defendant in connection with them. When plaintiff was directed by George Brice, Jr., to give his attention to the sale of these properties, it was suggested to plaintiff by the sales manager, John D. Stewart, that he arrange to secure the assistance of Inman. An agreement was entered into between plaintiff and Inman that they

would join in their efforts to close a sale for the two apartment houses, the 50 per cent commission, based on Portland Realty Board rates, and becoming due under plaintiff's agreement with defendant, to be divided equally between them. George Brice, Jr., as an officer of the defendant corporation, expressly ratified and approved this arrangement between plaintiff and Inman. Thereafter, with the knowledge and consent of defendant, plaintiff and Inman united in their efforts to make the deal.

When the transaction was finally consummated, after Brice, Jr., had arbitrarily fixed a commission upon the sale in the sum of $2,500, he credited plaintiff's account in the sum of $625, or 25 per cent of the stated commission.

In this case defendant contends that it had no direct agreement with plaintiff respecting the sale of these particular properties, or as to the commission to be paid. It alleged in its answer and sought to prove that plaintiff was employed by it as a salesman upon an express contract that he was to receive on sales made by him 50 per cent "of the total commission *received* by Brice Realty Co." (Italics ours.) Plaintiff was originally employed by defendant as a salesman under a written agreement dated October 3, 1950, the first paragraph of which reads as follows:

"In conformity with verbal understanding, this will advise you are herewith employed as a salesman for Brice Realty Co. In connection therewith your remuneration will be 50% of the total commission received by Brice Realty Co. for any sales of real estate made by you. No commission shall be paid to you until such time as the sale is fully completed and full disbursement made to the seller."

However, there is ample evidence in the record to support plaintiff's claim that the foregoing agreement

did not apply to the sale actually made of the two apartment-house properties. The agreement as to commissions to be paid on the sale of these properties was a special agreement insofar as plaintiff was concerned, and was not governed by his general employment. There is substantial evidence in the record to establish plaintiff's contention that he was made a party to the agreement first entered into between the defendant and Sorenson respecting the sale of the properties in question, and that, therefore, he had the right to proceed directly against defendant to recover his share of the commission due under that contract. The factual disputes between the parties were settled by the jury's verdict, and that verdict was in favor of plaintiff.

Had George Brice, Jr., been called as a witness upon the trial, it is possible that a different light might have been thrown upon the facts in this case, but as the record stands all statements attributed to him by plaintiff and other witnesses are undenied. It may be that they could not be denied. However that may be, we find no prejudicial error in the record.

The judgment is affirmed.